Good afternoon. May it please the Court, James Brown on behalf of the Appellant in Luke Ward. Today, Your Honor, we're asking the Court to reverse the Bankruptcy Court's error in holding, concluding that the adversary proceeding in which judgment was rendered was commonly filed. An overruling appellant's affirmative defense is that the complaint was untimely. The Court based its determination on parties' ability to be entitled to rely on an erroneous notice issued by the clerk's office after the case was transferred. In this case, the bankruptcy case was originally filed in the Eastern District of Texas, whereupon, upon a motion to transfer venue, the case was transferred to the Northern District of Texas. Who filed the motion to transfer? The judgment creditors, Your Honor. There are actually a number of—appellees include judgment creditors as well as the Chapter 7 trustee. When the case was filed, the Eastern District clerk's office issued a notice. The case was filed May 1st of 2014. The notice was issued. A 341 meeting was scheduled for May 30th and established a bar date for July 29th of 2014. Upon transfer of the case, the case was transferred to order entered on June 5th, subsequent to the initial 341 meeting. But upon it becoming final on June 20th, the case was transferred to the Northern District, at which time the district clerk, the bankruptcy clerk, issued a notice for a new 341 meeting as well as a new deadline for the filing of discharge objections as well as complaints to determine non-dischargeability. The rules, Rule 4004A, contains a specific claim processing rule. It provides that a party must file, shall file, no later than the 60th day after the first date set for the meeting of creditors to file an objection to discharge. Likewise, Rule 4007 has a similar provision that provides that within 60 days of the first date set for the meeting of creditors, a complaint to determine dischargeability must likewise be filed. It's important that with respect to both of those, any extension request must be filed before the deadlines expire. Rule 9006B specifically provides, precludes the court from extending those deadlines other than pursuant to the terms and conditions of those rules of 4004 and 4007. Importantly, that 4004C also contains a specific provision that provides that upon the expiration of the deadline, the court shall forthwith grant the discharge. So under those rules, the 60 days, the deadline was the first deadline established by the Eastern District of Texas. That was the July 29, 2014 date. No complaint was filed under either 4004A or 4007C. Was that brought to the attention of the court when it was filed late? It was, Your Honor. When? Right away? What occurred was, subsequent to the expiration of that date, the judgment creditors filed a motion to extend, apparently on the belief that the second notice was effective. Now the second notice by the Northern District Court extended the deadline to September 22, 2014. So the question is, the rules provide that the deadline is the 60th day after the first date of creditors. The question in this case is whether or not the court could effectively extend that time due to the second notice. Right, but was this error ever brought to the attention of the court when the filing was too late, when it was not within the first 60 days? We filed an objection. We filed an objection to the motion to extend the deadline past the second deadline. Bankruptcy Court overruled the objection, finding that the judgment creditors and parties of interest weren't entitled to rely upon the first notice. After further extensions of time, a complaint was ultimately filed in April of 2015. Let me make sure. Bankruptcy Court was a court reasoning that because of the reliance on the notice, without the notice, it wasn't too late at that point to file something. Is that the reasoning? I'm sorry, Your Honor. Was the reasoning that at the time that the clerk in the Northern District issued the new deadlines, there was still time based on the preexisting creditors meaning to file something timely? Yes. The issuance of the second notice came before the expiration of the deadline. Bankruptcy Court said you were entitled to rely on the notice, even if it was erroneous, by the court because it led you to believe that you had more time. Yes, Your Honor. The Bankruptcy Court showed, concluded. When the adversary was filed, our answer, our answer to the third amendment complaint sought an affirmative defense that it was untimely filed. The court considered that at trial and, again, concluded that the creditors were entitled to rely on the erroneous notice. Was your objection filed while there was still time to file, timely file, in your view, the necessary pleading? Excuse me. Our objection was filed to their motion to extend the time. The motion to extend the time was untimely filed as to the original deadline, but it was arguably timely as to the secondary erroneous deadline issued by the Northern District clerks. Your objection was not filed in time to give them notice so that they could have timely filed? Well, we did not know that they were relying upon the second notice. This court has been clear that these deadlines, as established by Rule 4004 and 4007, are strict, strictly construed deadlines. That's the court's decision in the Sam case we cite, in Compton, and in the Neely case. And there's only two instances where this court has deviated from the strict view of those deadlines, and that is in the Costin case and the Dunlap case. In the Costin case, in both cases, the parties, the creditors, were not able to protect and preserve their rights to object because of the peculiar procedural posture of the case. In Costin, there were two competing petitions filed against the same entity. Pursuant to Rule 1014B, the second petition had to be stayed, and it was stayed. The first petition was ultimately dismissed, but yet the second court in the second petition had already issued its 341 notice. But by the time that first case was dismissed and the stay was lifted, the 60-day period of time had come and gone. And this court said, well, because of the purpose of the rule and that the case was stayed and you couldn't file a motion, the creditor could not file a motion to extend the time during the stay, then they viewed it as an extraordinary circumstance and allowed the bankruptcy court to issue a new 341 notice with a new deadline for discharge. In the Dunlap case, it was a case where the bankruptcy court inadvertently dismissed the case prior to a hearing. And with a pending motion to dismiss, the time frame expired. I'm sorry. So you had a dismissal of the case. And so when the case got dismissed, there was no deadline to be had. The court vacated the dismissal order and reinstituted the case. And the court found, well, first the court determined that an equitable tolling was not available to extend the deadlines of 4004 or 4007. But they went on and said, well, because for the purpose of the rule, they adopted the Costin rule, which had previously concluded with respect to the stay issue. And they used that to extend the deadlines in the Dunlap case. It was the only two instances where this court has extended the rules. Now, in 2004, the Supreme Court rendered Contrict v. Ryan, which was a seminal case differentiating between jurisdictional issues and claim processing rules. In that case, the Supreme Court found that 4004A is a claim processing rule, unalterable, has three purposes. One is to inform the creditor of the time they have within which to act, to file their objections and complaints. The second one is to instruct the court of its limits, the limitations of extending the time frames. And third, providing the debtor an affirmative defense for any late filed claims. Those are the three purposes for Rule 4004 as set forth in Contrict, Your Honor. Now, since then, Contrict has been, the Supreme Court has on various times in the Eberhardt case, the Mannerick case, the Hammer case, when interpreting claim processing rules, have established that these claim processing rules are unalterable, inflexible. If a party invokes them, the duty of the court is to dismiss the case. Now, granted, the Supreme Court has never indicated whether equitable exceptions apply to claim processing rules. I'm hopeful that determination will come here in the next month or two in an appending case before the court, which the court heard in November. But with respect to the bankruptcy court decision here, the court ultimately extended these deadlines in circumvention of these precise rules. And this court has ruled several times in the Sadkin case and the Omni case, both cases cited in our briefs, that equitable powers cannot be used to circumvent, ignore the bankruptcy rules. Nor can it be used to negate any rights or remedies afforded by the rules. Now, the Supreme Court in Contrict said that this affords a debtor an affirmative defense. If it's not filed timely, if an extension isn't filed prior to the deadline, then an affirmative defense is raised, can be raised. Now, this defense can be waived and forfeited by the debtor, no doubt, and that's what Contrict held. In this case, we did not waive it, we did not forfeit it. Now, the district court affirmed on the basis that Section 105A affords the bankruptcy court the power to correct its mistakes. I submit, Your Honors, that while a court has powers to correct mistakes, in this particular instance, to do so would be contrary to the rules. Now, there are, my opponent cites various other circuits that have ruled in their favor. But those cases date back to the 1990s, early 2000s, well before Contrict was decided. Before, Contrict indicated the three purposes for the rules. A, provide the creditor to know when the deadlines were. B, instruct the court not to, the limits of the court's discretion to extend those. And three, to provide the debtor an affirmative defense. Those prior cases are flawed, given in light of Contrict. They say, well, the court erred, but who are we going to put the risk on, the debtor or the creditor? No one's at fault. And in those cases, the other circuits decided, well, we'll put it on the debtor, because the debtor should know better. The debtor should know that it was an erroneous notice. I submit that's not a true and accurate depiction of what happens in reality. That the creditor, this court has placed the burden many times on the creditor to preserve and protect their rights. They did it in Compton, they did it in Neely, they did it in Sam. That those rules, these rules, impose a high burden, heavy burden, I believe the court said, for the creditor to preserve and protect its rights. And to do so, they can file a complaint before the deadline, they can file a motion to extend the deadline for cause. That's a very low burden. In this case, that did not happen after the deadline expired. Would cause include a pending motion to transfer? I don't believe so, Your Honor, and I'll tell you why. Because Rule 1014, Contemplate Transfer of Venue, there's no provision for a recalculation of the deadlines under Rule 1014. You compare that to Rule 1019, where a case is converted from a Chapter 11 to a Chapter 7. That rule specifically provides for a new deadline for the filing of these complaints. So where the rules contemplate a transfer venue, it does not contemplate a new deadline for the filing of these complaints. But yet, conversion, it does. It reflects the decision that that's not to be the case. Your main point is no such motion was filed. Your main point is that no such motion was filed within the time period. Within, before the deadline. I see my time is up. Thank you. May it please the Court. I'm Corinna Chandler, and I represent the appellees, which include a group of judgment creditors and the Chapter 7 trustee. And at issue here is whether the litigants should be allowed to rely on the affirmative representation of the court regarding a filing deadline, even if that affirmative representation turns out to be erroneous. And I respectfully urge this court to follow the line of cases from other circuits and numerous district courts holding that litigants are entitled to rely upon the bankruptcy court's affirmative but erroneous notice of deadlines. Do any of those other circuits look at 9006b3? Certainly, Your Honor. Which ones? You know, I couldn't tell you specifically which cases address that rule. The reason I ask is it looks like 9006 is pretty strict. It seems to foreclose any way of changing deadlines other than under the rules. Why wouldn't we naturally read that to foreclose equitable discretion? Well, I know that each of those cases did acknowledge that the rules are strictly interpreted. So I can't tell you whether they specifically cited Rule 9006, but I know that they certainly mentioned the fact that the rules are usually strictly interpreted. But where the court has made an affirmative representation of a deadline to the parties, they believe that the court had the equitable power, and in some cases they actually refer to the responsibility to correct its own error. Several of these cases stated that it would be an abuse of discretion by the bankruptcy court not to extend the deadline to the deadline stated in the second notice to correct its error. So every circuit court that has addressed this issue, considering similar facts to ours, where the case was transferred and a second notice was issued, has found in favor of the creditors. The Sixth Circuit in Isaacman and Moggin, in Isaacman it actually talked about the abuse of discretion for not, if the bankruptcy court doesn't correct its own error, it would be an abuse of discretion. The Eighth Circuit addressed this issue in Moss. The Ninth Circuit addressed this issue in Anweiler. And in another case, Halstead, which wasn't cited in our briefs. And the Anweiler case was another case where the court discussed the abuse of discretion of the bankruptcy court if the bankruptcy court were to not correct its own error. And the Tenth Circuit has addressed this issue in Thieme. And in that case, it specifically noted that the court not only has the power to correct its error, it has the responsibility to do so. The Second Circuit, while it didn't address specifically our facts, has stated that it agrees with this line of cases. And that was in the Benedict case that's cited in our brief. And this circuit has contemplated this issue. In the Neely case, there's a footnote that says, that distinguishes Neely from the facts of our case. But then it cites cases on both sides of this question. It does. But it also, the circuit has also looked at this issue in a case that's not cited in our brief. It's in Ray McKenzie at 209 Federal 3rd, 719. And it's a case from 2000. It's an unpublished opinion. And that case cites Anne Weiler and Thieme and holds that Section 105A provides the court the power to exercise jurisdiction over complaint objecting to discharge, where the objecting party relied on the court's scheduling order containing an incorrect deadline. And a number of lower courts, both in this circuit and throughout the country, have ruled similarly, including both the Northern District of Texas and the Southern District of Texas. Now... You have an argument that does not rely on equitable discretion? That does not rely on... Let's say we read 9006 to say you can't go outside the rules. So you have to follow the rules. There's no equitable discretion. I realize that would be against the circuits, but just humor me. Let's say that there's no equitable discretion. Do you have an argument under the text of the rules? Well, there is one, Your Honor. The rules, first of all, require the clerk to issue notice. And so it would be strange to require the clerk to issue notice and then not allow the parties to rely on the notice. But in rule... On here, there were two clerks who issued notices, right? Right. But the clerk of the court that had jurisdiction at the time issued the last notice. Yeah. What I see is 4004 talks about 60 days after the first date set for the meeting. Right. Now, it could have said, frankly, maybe it should have said 60 days after the meeting. But that's not what it says. It says 60 days after the first date set for the meeting. Right. I assume you would agree the first date was the original jurisdiction. That's absolutely true. Now, I would like to point out that that meeting never happened. It was continued until after the case. Right, but that's always what's going to be contemplated by 4004. What I read 4004 to be saying is, look, I don't care when the meeting takes place. It could take place five years later. The point is 60 days after the first date set for the meeting. Sure. That's when your deadline elapses. I take it the way this works is the creditors know that they're going to be called into this meeting. Right? There's no unfair notice here, is there? That the creditors know the meeting will happen? Right. Otherwise, they're not subject to the meeting, I assume. Right, yeah. But... They're on notice. Look, there's going to be a meeting that's going to take place where you're going to hear about the nature of the debt. Right. That meeting may not take place for years because it keeps getting postponed. But the rule says 60 days after the first date set for the meeting. And it sounds like you're not arguing that this was the first date. I'm not arguing that. Clearly the second date. Right. But Rule 4004B2 contemplates some scenarios where the motion can be filed after the 60-day deadline. And it talks about it may be filed after the deadline has expired and before the discharge is granted, because there could be some time before the court actually gets around to granting the discharge. If the objection is based on facts that, if learned after the discharge, would provide a basis for revocation of the discharge. Are you claiming you satisfy this? I believe we do, but I'll acknowledge that this issue has not been briefed. I do believe that... This is something you could try to argue below. Let me rephrase. Did you argue this below? We did not. No, that issue never came up. So, no. You're just trying to answer his question, right? Right. So, now, Section 105A is pretty broad in giving the court equitable powers. And it says the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. And that's the section that most of the courts that have found in our favor have relied upon, though some have just talked about the inherent equitable powers. So, how do you reconcile that with the 9006? Are these provisions in tension? One says you've got this broad power to fix things. Another says don't you dare change the deadlines except as the rules provide. Well, potentially. But I think in this particular circumstance where the court has made that affirmative representation, Section 105, which is a statute, should prevail over Rule 9006. And some of the courts have pointed out that the Section 105 powers, the equitable powers under Section 105, don't give the court authority to grant new substantive rights. And that's been basically why people might argue that Section 9006 prevails. But as the court noted in In Re Riso, the District of New Hampshire, and this was one of the first cases to look at this issue and rule in favor of the creditors, and that court specifically said allowing the court to exercise its equitable powers to correct its error doesn't create new substantive rights. It merely allows the creditors to exercise their existing rights. Now, I wanted to come back to a question Judge Owen asked, and it was about whether the debtor gave notice to the court, hey, this deadline's wrong, the second notice is wrong, because that's something they could have done. And there have been a number of courts that have addressed this issue and said, you know, because the debtor, and this comes from both Ann Weiler and Isaacman, for instance, says, as between two innocent parties, if one must bear a loss, it should be the debtor, because he had notice of the erroneous date and greater incentive to examine and correct the notice. And Judge Hauser in the Bankruptcy Court addressed this issue, and that's in the record. So going back to another question you asked a little while ago, was there ever a hearing on this? And there was, long before trial. We had a hearing, as counsel noted, when we first filed the motion to extend the deadline, and the debtor objected to the extension. And so the transcript of that hearing is important for a number of matters before you, and that's in the record at 2024 through 2083. And at that hearing, Judge Hauser specifically in a discussion with counsel for the debtor said, you know, you didn't come here and say that's not the date, that's wrong, Judge. What the clerk did was wrong. Correct it and send out a correct notice so that people could know what the real deadline is. You want creditors who got what appeared to be an official document from the courts telling them what the deadline is, you want them to scratch their head and say, hmm, I don't know if this notice is really what they meant. But you, in fact, knew that you thought it was wrong and you didn't do anything. And so that's kind of the point here. When creditors get this, and it goes to all of the creditors, some of them might be sophisticated litigants in the bankruptcy courts, but most creditors probably aren't. And so when they get this notice, it doesn't say, you know, the deadline is 60 days from the first date of the meeting of creditors. It says the deadline is this date. And so they should be able to rely on that. And if the debtor says, hey, this notice is wrong, that gives the court the opportunity to correct the problem before the deadline expires. And so a number of cases have taken that into consideration. I don't think there's any question, at least in my mind, that the problem here is really unfair to you guys. I get that completely. Just to be clear, though, this is something that the clerks did, right? This is not you're not blaming the debtor for this error. Well, that's a good question. In part, I am, because the debtor filed in the wrong district to begin with. So this isn't a situation where you have two innocent parties. He filed in a district that had no real relationship to the case. Now, I will concede that later on at trial, they had come up with a reason that he had a lawsuit pending in that district. But at the same hearing I referenced a moment ago, Judge Hauser had a discussion with his attorney about that precise question. That's on the record at 2067 and 2068. And she asked, you know, why did he file this in the Eastern District to begin with? The response was, for the convenience of myself and Mr. Ward. And she asked me, how is it properly filed in the Eastern District? And his attorney acknowledged, I can't say that it was. So if the debtor were allowed to prevail in this case and the court were to say, well, no, the creditors can't rely on the notice from the court if the court sends out a second notice, I mean, that would send a signal to all the debtors out there to say, hey, file in the wrong district. Maybe you'll get lucky. It'll be sent to another district. You'll get a new notice and the creditors will lose their opportunity to object. Not only that, but, of course, it would send the signal that you can't rely on orders and notices from the court regarding deadlines. And that would create all kinds of confusion with people having to second guess the court's intentions. And the Supreme Court has indicated that in circumstances such as these, it would warrant use of the court's equitable powers. And there's a case cited by the debtor. It's the Carlisle case. And in that case, the Supreme Court acknowledged that there is Supreme Court precedent that allowed a late filed notice of appeal. But in that particular, in the Carlisle case, they said, you know, that precedent wasn't pertinent because that precedent expressly relied on unique circumstances when erroneous ruling or assurance by the district court caused the late filing. And that's exactly what we're dealing with here. So I believe that, you know, were this to go up to the Supreme Court, there's precedent, and the court has indicated it would be inclined to go in favor of the creditors in this case. Is there a split on this issue now? I know district courts are both sides. There's no circuit split. All the circuits are on the other side. Correct. Or all on one side. All the circuits that have ruled on this issue. Right, right. It would be creating a circuit split. You would. Now, Kontrick is a case that opposing counsel noted a little while ago, and that case ruled that those rules that rule 4004 and 4007 are claims processing rules. They're not jurisdictional. So the court does have some power to change the deadlines. And in that particular case, the court said, you know, we're not going to address whether equitable powers would allow the court to change the deadline because it wasn't looking at unique circumstances such as these. In another case, Dietz, which I believe is also cited by the debtor, the court actually stated that a reasonable court ‑‑ sorry, that it would be reasonable for a court to ‑‑ sorry, it would be reasonable to allow the court to fix its mistakes. So, again, the Supreme Court has spoken on this issue. What is the best case you have for a situation where you have language like 9006, which seems pretty stark. The court may enlarge only under these rules. You have language like that, and yet there's still outside discretion beyond the rules. Right. I get what you're saying. I'm just trying to figure out how to square it with 9006. Sure. I'm looking through my notes to see if I noted which courts might have referred to 9006, and I will concede to you that I probably did not. But I think the Enweiler decision is probably the most analogous to our case. And there the court said that, again, the notice was required by law and appeared to be valid, so the creditors could have reasonably believed the second notice was operative, and that the power granted by Section 105A would be meaningless if courts were unable to correct their own mistakes. In the Thieme decision, the court noted that, although the burden of protecting one's rights is ordinarily placed on the creditor, when the court's act affirmatively misleads the creditors as to the deadline, the court bears the responsibility for correcting its errors. So while I can't point you directly to a discussion of 9006, I think both of those cases are appropriate to consider. The other thing I wanted to note before I run out of time was that the debtor had argued that there was no evidence of reliance, or reasonable reliance, and so I wanted to correct that. And it's, again, in the same hearing transcript I've talked about already. At 2035 and at 2072, if you look at 2035, there's a quote from Judge Hauser saying, this is a situation where a clerk's office issued a notice that is wrong, but they did, and people have relied upon it, and then timely filed something in reliance upon it. So she certainly found reliance. And in the discussion, if you were to look at the entire transcript, my co-counsel actually testified, was cross-examined by the debtor's attorney about all the things he had done to pursue the claims, and so that discussion shows reasonable reliance. But at 2072, my co-counsel stated, I filed the motion for extension within the deadlines that I thought was applicable based on the notice that the clerk's office issued. So there is evidence of reliance in the record. And Judge Hauser, when she discussed this at the time of trial, referred back to that hearing. And at trial, in the record at 1624, she says, but they were relying upon the northern district date, and my clerk's office sent out a notice that said you don't have to file until X. So, again, she found reliance, there's evidence of reliance, and that shouldn't be an issue for the court. If you don't have any other questions, I will close there and urge you to, again, follow the circuits that have already decided this issue. Thank you. May I please the court? A couple of points. The issue of 9006B3 and the earlier circuits that the appellees have cited. Ann Weiler, for instance. In Ann Weiler, the court noted 9006B3. It also said, well, before the new rules, that this constituted excusable neglect. That's what the Ann Weiler court recognized. And so then they said, well, the rule change was only to require the creditor to have due diligence with respect to it. Then they went on to apply an equitable test, saying, well, you should rely on the notice, and we think that the burden should fall on the debtor. There's no basis in that whatsoever. There's no burden under the rules imposing upon the debtor the obligation to come before the court thinking, you know, stating that the deadline was inaccurate. The debtor knows the deadline's inaccurate. Certainly other parties, competent counsel, should know that the deadline was inaccurate. But getting back to the Ann Weiler case, so excusable neglect is under 9006B1. There are four standards. B1, you have a cause standard for anything before the deadline, excusable neglect for anything after the deadline, in case you miss the deadline. And third, you have deadlines that cannot be extended regardless, and that's B2. B3 is what we're talking about here. And these rules took out these issues out of excusable neglect and put them into the B3 category, saying you can only extend them under the terms of 4001 — I'm sorry, 4004 and 4007. So they took out the equitable issues concerning it. But yet the Ann Weiler case, the Femi case, the Isaacson case bring back the equitable considerations. And this Court many times have observed excusable neglect is an equitable issue, okay? Danger of prejudice, the reason for delay, the issue of effect on the administration. But if you look at this as an equitable issue, you're bringing 4004 — 9006B3 back in. I mean, back up to B1. So why isn't this case an equitable neglect case — I'm sorry, excusable neglect case? Well, it's not. Well, it should be, because as this Court has indicated, it's a rarity that counsel's misunderstanding of the rules would constitute excusable neglect. And that's what we have here, misunderstanding the rules. First date, the deadlines are first — I'm sorry, Your Honor, the time is up. Very quickly, why isn't that excusable neglect when you have a conflict between the rule and what the clerk's telling you? I'm sorry, Your Honor? Why wouldn't it be excusable neglect when you have a tension between the rules and what the clerk's office is telling you? I think it is excusable neglect, but excusable neglect does not comport with 9006B3. The excusable neglect is in 9000B1. And so when they — so excusable neglect does not fall — this issue does not fall under excusable neglect. It was taken out of excusable neglect and put into 9006B3. And thus, excusable neglect does not apply if you — with respect to the deadlines of 4004 and 4007.